United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Jeffery and Martha Lipa,   Case No. 04-74608-R
           Debtors.   Chapter 7
_____/

Opinion and Order Denying Motion for Reconsideration

I.

The debtors filed their chapter 7 case on December 8, 2004, and received their discharge on March 28, 2005. Jeffery Lipa is the owner of Riverside Drywall. In 1997, Jeffery Lipa signed a personal guaranty with supplier Eastside Building Materials, Inc., now known as L&W Supply Corp., in which he guaranteed the debts of Riverside Drywall.

Five years after the bankruptcy, on January 11, 2010, L&W Supply filed suit against Jeffery Lipa in St. Clair County Circuit Court to enforce the personal guaranty. On April 19, 2010, the debtors filed a motion in this Court seeking to reopen their bankruptcy case and for damages against L&W Supply for a violation of the discharge injunction. The Court conducted a hearing on April 26, 2010 and granted the debtors' motion. The Court found that L&W Supply's attempt to enforce the prepetition guaranty agreement violated the discharge injunction.

On May 6, 2010, L&W Supply filed a motion for reconsideration. The Court ordered a response from the Lipas and set the matter for hearing. The Court conducted a hearing on June 14, 2010, and took the matter under advisement.

II.

L&W Supply asserts that the personal guaranty was not affected by the bankruptcy filing.

It contends that the guaranty of a prepetition debt would be discharged in bankruptcy, however, the personal guaranty continues to apply to post-petition extensions of credit, unless the debtor takes affirmative steps to revoke the guaranty.

The Lipas argue that there was no reaffirmation of the personal guaranty. The Lipas further contend that the filing of a bankruptcy extinguishes all personal contracts of the debtor and a personal guaranty is nothing more than a personal contract.

The Lipas also contend that the creditor is attempting to collect on a prepetition debt. They assert that all postpetition sales from L&W Supply have been C.O.D. and that there have been no new extensions of credit. However, the Lipas argue that L&W Supply has been applying the C.O.D. payments to the prepetition debt of Riverside Drywall and is now trying to collect on the personal guaranty of Jeffery Lipa for what it erroneously asserts is a postpetition debt.

III.

11 U.S.C. § 727(b) provides:

> . . . a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case[.]

11 U.S.C. § 727(b).

"Debt" is defined as "liability on a claim." 11 U.S.C. § 101(12). The term "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5)(A). Congress gave these terms the broadest possible definitions so as to enable the debtor to deal with all legal obligations in a bankruptcy case. *See*

*Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558, 110 S. Ct. 2126, 2130 (1990).

The term "contingent" is not defined in the Bankruptcy Code, however, courts have concluded that contingent claims are those in which a debtor will be required to pay only upon the occurrence of a future event triggering the debtor's liability. *In re Parks*, 281 B.R. 899, 901-02 (Bankr. E.D. Mich. 2002); *In re Highland Group, Inc.*, 136 B.R. 475, 481 (Bankr. N.D. Ohio 1992). The inclusion of a contingent right to payment in the definition of a bankruptcy claim clarifies that a right to payment that is not yet enforceable under non-bankruptcy law at the time of the bankruptcy filing may still constitute a claim that is dischargeable in the bankruptcy case. *Parks*, 281 B.R. at 902; *Riverwood Int'l Corp. v. Olin Corp.* (*In re Manville Forest Prods. Corp.*), 225 B.R. 862, 866 (Bankr. S.D.N.Y. 1998), *aff'd*, 209 F.3d 125 (2nd Cir. 2000). Generally "[t]he classic example of a contingent debt is a guaranty because the guarantor has no liability unless and until the principal defaults." *In re Pennypacker*, 115 B.R. 504, 507 (Bankr. E.D. Pa. 1990)

In *In re Huffy Corp.*, 424 B.R. 295 (Bankr. S.D. Ohio 2010), the court explained:

> That contingent claims are dischargeable in bankruptcy makes sense for reasons well-stated by the court in *Baldwin-United* noting that the combined effect of a broad definition of claim and a process for estimating certain remote claims is to:
>
>> . . . bring all claims of whatever nature into the bankruptcy estate, and to give all claimants the same opportunity to share in any distribution from the estate. No longer will some creditors enjoy a windfall or effectively be denied any recovery based upon the provability or allowability of their claims and the financial status of the debtor after bankruptcy. Equally important, Congress has insured that the debtor will receive a complete discharge of his debts and a real fresh start, without the threat of lingering claims "riding through" the bankruptcy.

3

04-74608-swr    Doc 47    Filed 08/17/10    Entered 08/17/10 18:56:53    Page 3 of 5

> *In re Baldwin-United Corp.*, 55 B.R. 885, 898 (Bankr. S.D. Ohio 1985). In other words, a broad definition of claim allows a bankruptcy court to deal fairly and comprehensively with all creditors in the case and, without which, a debtor's ability to reorganize would be seriously threatened by the survival of lingering remote claims and potential litigation rooted in the debtor's prepetition conduct.

*In re Huffy Corp.*, 424 B.R. at 301.

L&W Supply primarily relies on the case of *Weeks v. Isabella Bank Corp.*, (*In re Weeks*), 400 B.R. 117 (Bankr. W.D. Mich. 2009). There, Judge Hughes stated that a prepetition personal guaranty was not discharged in bankruptcy. The court rejected the decision in *Republic Bank of Calif., N.A. v. Getzoff* (*In re Getzloff*), 180 B.R. 572 (B.A.P. 9th Cir. 1995), which held that the broad meaning of "claim" under the Bankruptcy Code required it to include within the scope of the debtor's discharge a bank's rights under a guaranty to seek payment from the debtor for loans yet to be made to the principal obligor. *Weeks*, 400 B.R. at 123.

In rejecting that holding, the court stated:

> After all, the Supreme Court has also said that a right to payment means "nothing more nor less than an enforceable obligation." *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S. Ct. 2150, 2154, 115 L. Ed.2d 66 (1991), quoting *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 559, 110 S. Ct. 2126, 2131, 109 L. Ed.2d 588 (1990). *See, also, In re Glance*, 487 F.3d 317, 320 (6th Cir. 2007). "Enforceable obligation," of course, is a very broad concept and indeed it would easily include all of the rights a creditor would have against a debtor under a guaranty to recover whatever the principal obligor then owed that creditor. However, a creditor's right to enforce the same guaranty with respect to the principal obligor's yet-to-be-incurred debts is not so easily categorized, for at least in this instance the debtor clearly had the contractual right under all of his pre-petition guaranties to at any time avoid that future exposure by revoking those guaranties. *See, e.g.*, [2004 Guaranty, Plaintiff's 9/26/08 Brief, Ex. E. Dkt. No 18]. In fact, Dr. Weeks would have had the same right to revoke even had the guaranties been silent. Restatement (Third) of Suretyship and Guaranty § 16 (1995).

4

>Therefore, this court rejects *Getzoff's* conclusion that the discharge of a debtor's guaranty obligations extends so far as to include even yet to be incurred debts of the principal obligor. At best, a creditor has only an expectancy with respect to such loans. The creditor may certainly hope for the guarantor's continuing support. Indeed, it could even condition future lending on that support. However, its expectations would always be vulnerable to the debtor's unilateral revocation of his guaranty so long as no new debt is incurred. Or, to view it differently, no dischargeable "claim" (i.e., an enforceable obligation) can arise on account of a debtor's guaranty of future indebtedness until a new advance has in fact been made.

*Weeks*, 400 B.R. at 124.

This Court disagrees with the reasoning and holding in *Weeks* and finds that *Getzoff* and *Huffy* support the conclusion that the debtor's personal guaranty was discharged in his bankruptcy. As noted above, the terms "claim" and "debt" are defined as broadly as possible to enable the debtor to deal with all legal obligations in a bankruptcy case. *Davenport,* 495 U.S. at 558, 110 S. Ct. at 2130. This includes the debtor's guaranty agreement.

Accordingly, L&W Supply's motion for reconsideration is denied.

For Publication

**Signed on August 17, 2010**

                                                         **/s/ Steven Rhodes**
                                                         **Steven Rhodes**
                                                         **United States Bankruptcy Judge**